UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES BANKRUPTCY COURT FILED 2007 JUL 12 PM 3: 15 C.L. AUSTIN, CLERK MILWAUKEE, WISCONSIN

In re:                                          Chapter 13 Proceedings

ERMA L. AVERHART,                               Case No. 06-23216-jes

    Debtor.

**MEMORANDUM DECISION
SUSTAINING DEBTOR'S OBJECTION TO CLAIM NO. 4 OF
WELLS FARGO FINANCIAL, WISCONSIN, INC.**

    Erma L. Averhart ("debtor") has objected to the proof of claim filed by Wells Fargo Financial, Wisconsin, Inc. ("Wells Fargo") in this chapter 13 case. Wells Fargo holds a security interest in the debtor's 2002 Nissan Altima automobile. Debtor asserts that Wells Fargo's secured claim should be allowed at $24,521.72 (which amount includes interest computed at 4.89%) in accordance with the debtor's confirmed chapter 13 plan. Wells Fargo responds that its claim should be allowed at $27,644.71 (which includes interest computed at 9.5%) in accordance with its proof of claim.

    There are no facts in dispute, and briefs have been submitted by the parties.

    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).

    A chronological history of the key events in this case is as follows:

| DATE | EVENT |
|---|---|
| June 16, 2006 | Debtor files petition under chapter 13 with proposed plan to pay Wells Fargo $20,616 together with 4.89% interest. |
| June 27, 2006 | Notice of the § 341 meeting of creditors scheduled for July 13, 2006, together with a copy of debtor's proposed plan, is mailed to all creditors, including Wells Fargo. Creditors are notified that October 11, 2006 is the deadline to file proofs of claim and that any written objections to confirmation should be filed no later than 10 days after completion of the § 341 meeting of creditors. |
| June 30, 2006 | Wells Fargo files its proof of claim in the amount of $21,719.86 together with interest at the rate of 9.5%. |
| July 13, 2006 | Sec. 341 meeting of creditors is held and completed. Trustee recommends confirmation. |
| August 30, 2006 | AmeriCredit Financial Services, Inc. ("AmeriCredit") files objection to debtor's proposed plan.[1] |
| September 25, 2006 | Order confirming plan is signed. |
| October 6, 2006 | Order is signed vacating September 25, 2006 order confirming plan because the September 25, 2006 order confirming plan was signed before the court ruled on AmeriCredit's pending objection. |
| December 7, 2006 | Debtor files amended chapter 13 plan. Notice of the amended plan and the amended plan are mailed to all creditors, including Wells Fargo. The 4.89% interest rate remains unchanged on the debtor's amended chapter 13 plan. |
| December 27, 2006 | Deadline for creditors to object to amended chapter 13 plan expires and no objections were filed by AmeriCredit or any other creditors. |
| January 5, 2007 | Order confirming amended plan is signed. |
| February 7, 2007 | Debtor files objection to Wells Fargo's proof of claim. |

---

[1] Although AmeriCredit's objection to the original plan was filed after the 10-day deadline to object, no challenges were made to its late objection.

## SUMMARY OF EACH SIDE'S POSITION

The debtor contends that the confirmed plan providing for 4.89% interest to Wells Fargo is binding upon both the debtor and Wells Fargo, pursuant to 11 U.S.C. § 1327 which declares:

> **§ 1327. Effect of confirmation.**
>
> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The debtor further submits that case law nationally and the law in the Seventh Circuit supports her position that a confirmed plan is controlling over a proof of claim.

Wells Fargo responds that its proof of claim with interest at 9.5%, and not the 4.89% interest in the confirmed plan, is controlling for the following reasons: (1) failure of debtor's interest rate to comply with the United States Supreme Court decision in Till v. SCS Credit Corp., 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004), on how to calculate the interest rate for secured claim; (2) the long-established practice in the bankruptcy courts in the Eastern District of Wisconsin of allowing the amount in the proof of claim, including interest, to trump the amount of claim (including interest) in the confirmed plan; and (3) Wells Fargo will be denied due process if the court sustains the debtor's position.

Each of these arguments shall be addressed.

## CONFIRMED PLAN VERSUS PROOF OF CLAIM: WHICH IS CONTROLLING?

In In re Harvey, 213 F.3d 318, 321 (7th Cir. 2000), the Seventh Circuit Court of Appeals declared:

> It is a well established principle of bankruptcy law that a party with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan.

Harvey continues:

> The reason for this is simple and mirrors the general justification for *res judicata* principles – after the affected parties have an opportunity to present their arguments and claims, it is cumbersome and inefficient to allow those same parties to revisit or recharacterize the identical problems in a subsequent proceeding.

Id.

Other Seventh Circuit decisions follow this approach. In In re Chappell, 984 F.2d 775, 782-83 (7th Cir. 1993), the Seventh Circuit held that, as a general rule, the failure to raise an objection at the confirmation hearing or an appeal from the order of confirmation precludes an attack on the plan as illegal in a subsequent proceeding. In In re Pence, 905 F.2d 1107, 1109 (7th Cir. 1990), the Seventh Circuit Court of Appeals sustained the bankruptcy court and the district court in holding that a mortgagee cannot avoid the binding effects of a confirmed chapter 13 plan and in declaring that a creditor was "not entitled to stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings."

The court is fully mindful that Harvey stated that a party cannot "ordinarily" attack a confirmed plan and, similarly, Chappell said that a confirmed plan is controlling "as a general rule." Some exceptions to the rule that a confirmed plan controls over a proof of claim do exist – such as, where fraud is involved, In re Szostek, 886 F.2d 1405, 1413 (3rd Cir. 1989), or where a plan is ambiguous or contains a term that raises an unexpected problem at some point in the future, Harvey, 213 F.3d at 323. None of these exceptions have been asserted in the case at bar.

-4-

Case 06-23216-jes    Doc 38    Filed 07/12/07    Page 4 of 8

There are, however, other arguments which have been raised by Wells Fargo in its attempt to persuade this court that the proof of claim should control over the order confirming plan.

## IMPACT OF TILL

In Till v. SCS Credit Corp., the United States Supreme Court declared that interest shall be calculated based upon the prime rate plus a risk factor. Wells Fargo therefore concludes that, because the debtor's 4.89% interest rate in her plan is below prime rate, the order confirming plan must be vacated.

If a confirmed plan contains a provision which is mandatory to confirmation, then the order confirming plan must indeed be vacated, under the ruling in In re Escobedo, 28 F.3d 34 (7th Cir. 1994). In Escobedo, the confirmed plan failed to provide for full payment of priority claims which the Seventh Circuit Court of Appeals stated is a condition of confirmation under § 1322(a) and is a mandatory requirement for confirmation. In the instant case, however, what is involved in the debtor's plan is a reduction of Wells Fargo's interest rate, not a failure to pay priority claims in full. Reduction of interest rates is controlled by 11 U.S.C. § 1325(a)(5)(B)(ii), which states that allowed claims must be paid on the basis of present value. In In re Szostek, the court concluded this type of requirement is not mandatory for plan confirmation. See also In re Westenberg, 2007 WL 962932 (a decision rendered by Chief Bankruptcy Judge McGarity of the Eastern District of Wisconsin); In re Brady, 86 B.R. 166, 169 (Bankr. D. Minn. 1988); and In re Prussia Associates, 322 B.R. 572 (Bankr. E.D. Pa. 2005). However, some authority to the contrary does exist. See In re Sparks, 346 B.R. 767, 771 (Bankr. S.D. Ohio 2006) (holding that § 1325(a) provisions are mandatory for plan confirmation).

This court joins with <u>Szostek</u> and other cases which hold that § 1325(a) is not a mandatory provision for confirmation. Moreover, this issue may well be moot in this case because of Wells Fargo's failure to object to plan confirmation. Failure to timely object has been found to constitute a deemed acceptance and acceptance meets the requirements for confirmation under § 1325(a)(5)(A) and is an alternative to § 1325(a)(5)(B) for plan confirmation. See <u>Collier on Bankruptcy</u> § 1325.06(2) at 1325-30 (15th ed. 2007).

### IMPACT OF LOCAL RULES AND ESTABLISHED PRACTICE IN THE EASTERN DISTRICT OF WISCONSIN

Wells Fargo also asserts that, in accordance with both existing Eastern District of Wisconsin Local Rule 3001.1 and proposed Local Rule 3001.1, proofs of claim control over confirmed plans. Existing Local Rule 3001.1 states:

> A secured claimant seeking interest during the term of the plan shall separately show the principal sum due and the pre-computed interest.

Proposed Local Rule 3001.1 states:

> A secured claimant seeking interest to be paid by the trustee during the term of the plan shall state in the proof of claim the secured portion of the principal balance and the appropriate simple interest rate on the claim. If the proof of claim does not set forth an interest rate, the interest rate in the plan shall control.

Wells Fargo then argues that both the current and the proposed Local Rules 3001.1 support its argument that its proof of claim is controlling over the confirmed plan. Local Rule 3001.1 does not support this contention. It only recites that a secured claim must set forth both principal and interest, but nothing more. Proposed Local Rule 3001.1 provides some support for Wells Fargo's position in stating that, if a proof of claim fails to set forth the interest rate, the interest

Case 06-23216-jes    Doc 38    Filed 07/12/07    Page 6 of 8

rate contained in the plan is controlling. While this language may be interpreted to support Wells Fargo's position, it is also arguable that such interpretation of proposed Local Rule 3001.1 is overly broad. More importantly, proposed Local Rule 3001.1 only is a **proposed** Local Rule which has not been adopted. Finally, where a Local Rule and a statute (meaning 11 U.S.C. § 1327(a)) clash, the Local Rule must yield to the statute. In re Schwinn Bicycle, 210 B.R. 764, 767 (Bankr. N.D. Ill. 1987) ("Any part of a local rule in conflict with a national rule does not prevail."). In In re Smith, 2007 WL 1544366, Judge Pepper declared:

> If one of this court's local rules or a provision in its model plan conflicts with the Seventh Circuit's established law in a particular circumstance, then the established law must prevail.

Wells Fargo submits that the established past practice adopted by the Eastern District of Wisconsin bankruptcy judges requires a finding that a confirmed plan must yield to the proof of claim, and if there is to be a change, such change should only be applied prospectively. However, this so-called "established practice" is not as firmly entrenched as is suggested by Wells Fargo. That was noted by Judge Pepper in In re Smith, in her reference to cases recently decided in the Eastern District of Wisconsin: In re Schultz, 2007 WL 18827, and In re Westenberg, 2007 WL 962932. Both Schultz and Westenberg held that confirmed plans control over proofs of claim in the absence of pre-confirmation objections.

## DENIAL OF DUE PROCESS?

Wells Fargo also asserts that it was not afforded due process if the court accepts the debtor's position. That contention is unpersuasive.

-7-

Case 06-23216-jes    Doc 38    Filed 07/12/07    Page 7 of 8

The record here clearly reveals that the debtor's first proposed chapter 13 plan which was followed by an amended chapter 13 plan (both containing a proposed interest rate of 4.89% to be paid to Wells Fargo) were mailed to Wells Fargo before plan confirmation. Wells Fargo had ample opportunities to object to the proposed interest rate of 4.89% in debtor's plan, but failed to do so.

Wells Fargo is a sophisticated creditor. It either knew or should have known that it had a duty to object to any plan containing terms detrimental to its position. As pointed out in the earlier portion of this decision, a secured creditor cannot ignore proceedings which affect its rights. In re Pence, 905 F.2d at 1109. See also In re Harvey, 213 F.3d at 322 (where the court declared it is perfectly reasonable to expect that interested creditors review the terms of a proposed plan and object if they find that those proposed terms are unacceptable, vague, or ambiguous).

## CONCLUSION

For all of these reasons, the court concludes that the debtor's objection to Claim No. 4 of Wells Fargo is **SUSTAINED**.

Wells Fargo's claim is allowed in the sum of **$20,616 together with interest at 4.89%, for a total claim of $24,521.72.**

Dated at Milwaukee, Wisconsin, this  /2  day of July, 2007.

BY THE COURT:

_____
JAMES E. SHAPIRO
U. S. BANKRUPTCY JUDGE